The finding discloses the following facts: There was misty rain. There were no artificial lights in the vicinity. It was foggy and dark. Visibility was poor and the road was wet. The defendant was operating his automobile at a speed between forty-five and fifty miles an hour.
The trial court made the following conclusion: "18. The Court finds that the defendant was negligent in that he failed to keep a proper lookout."
It therefore appears that the plaintiff's negligence had come to rest, after which time the defendant, in the exercise of due care, should have seen the plaintiff's plight and could have avoided striking the plaintiff's car. In spite of the poor visibility and dangerous conditions, the defendant continued to drive his automobile at a speed of forty-five to fifty miles per hour. Each moment of proceeding *Page 214 
forward at such speed constituted a new act of negligence, superseding the negligence of the plaintiff.Dent v. Bellows Falls S.R. St. Ry. Co.,95 Vt. 523; Tullock v. Connecticut Co., 94 Conn. 201; Wright, Conn. Law of Torts, p. 63. The doctrine of last clear chance is therefore applicable in this case.
In my opinion, there is error, and the cause should be remanded for the purpose of determining the plaintiff's damages.